## Garrett's Estate

*Raymond M. Remick, H. Alan Dawson,* and *Arno P. Mowitz,* for petitioner.

*James B. Anderson, William A. Carr, Wilhelm F. Knauer,* and *John R. K. Scott,* contra.

*Claude T. Reno, Thomas J. Minnick, Jr.,* and *Percival H. Granger,* for Commonwealth.

SINKLER, J., May 5, 1939.—On February 17, 1939, a decree was made, upon petition of Johann Peter Chris-

tian Schaefer I, a claimant, by his attorney-in-fact, for the taking of testimony and other proofs in Germany by means of letters rogatory, upon written interrogatories to be filed with the clerk of this court. Attached to the petition are exhibits and affidavits in the German language, with translations thereof. Our decree ordered that a citation issue, directed to all parties interested in this estate, either as heirs and next of kin or otherwise, to show cause why letters rogatory should not issue, addressed to any judge or tribunal in Germany having jurisdiction of civil cases, to execute said letters rogatory at Bad Nauheim, Germany, and elsewhere, by taking the testimony and proofs of the petitioner and other witnesses designated in the petition, on the written interrogatories duly filed with the clerk of this court. On the same day a citation was issued, directed to all parties interested in this estate, either as heirs and next of kin or otherwise, returnable March 17, 1939, to show cause why the letters rogatory should not be issued as prayed for. To this petition answers have been filed by the Commonwealth of Pennsylvania, a respondent, which claims the entire estate by escheat; likewise answers by certain other claimants, respondents. Replications were filed on behalf of petitioner to the sundry answers.

On April 11, 1939, a decree was entered, authorizing claimant and petitioner to withdraw, temporarily, the replies and replications to the several answers filed to his petition, so that the petition might be heard by the court on the argument list on April 17, 1939, with leave to petitioner at any time, by his counsel, to file again the replies and replications with like force and effect as though they had never been withdrawn.

On April 17, 1939, argument was heard by the court in banc upon the petition and answers. On the same day a decree was entered by the court, on its own initiative, that argument on behalf of petitioner be heard by the court and briefs submitted with the same force as though

no answers on the merits had been filed by any of the respondents, but with the effect that there had been filed by each of the respondents preliminary objections in the nature of demurrers, averring that the petition as a matter of law failed to allege sufficient facts to show petitioner's right to have said testimony taken, irrespective of his physical condition as alleged in the petition, and that the court in its discretion under the circumstances should not authorize such testimony to be taken otherwise than by appearing personally before the court, or the master and examiners. The decree concludes that the argument shall be without prejudice to the rights of the parties to be heard at a later date upon the petition, answers and replications theretofore filed, as to all questions of fact and law therein averred, in the event a decree is entered in favor of petitioner.

From this recital of the record it is apparent that the question before us is a comparatively narrow one, that is, whether a decree shall be entered, authorizing the taking of the testimony of the petitioner and of his witnesses by letters rogatory, irrespective of his physical condition as alleged in the petition.

The petition sets forth the testimony which it is desired should be taken by the letters rogatory. These are, first, of petitioner, claimant; certain other witnesses, some of whom are related to him by blood and others of whom are not; also to obtain the record of certain official records and other certificates, such as birth and death certificates, in the custody of churches and the like.

For the purpose of rendering our decision, all averments contained in the petition must be taken as true. The petition avers that petitioner is unable, by reason of his advanced age and physical infirmity, to come into this jurisdiction and testify before the master and examiners appointed by this court, and that averment must be taken as a fact for the purpose of reaching our decision. A brief in support of this petition has been filed. Briefs in behalf of the Commonwealth and other respondents

have likewise been filed and, as well, a reply brief by petitioner.

The law upon the subject is discussed in an opinion of this court in Vetter's Estate, 15 D. & C. 218. A petition for the taking of testimony by deposition in this country, but outside the jurisdiction of this court, was dismissed. Petitioner, who was in a position relative to that of a plaintiff in a proceeding at law, sought leave to have her own testimony taken by deposition. In our opinion the statute and the rules of court applicable to the case are cited. The opinion proceeds as follows (p. 219) :

"The procedure in taking depositions as provided by the statute and the rule of this court above cited is in accord with the gradual development in equity proceedings. By the ancient method, evidence in chancery cases was taken secretly and remained sealed until publication occurred. With certain formal exceptions, such as the proof of a document, testimony was taken by commission or by an examiner appointed by the court in response to interrogatories prepared by counsel. The answers of the witness were reduced to writing. The clerk or examiner made publication by exhibiting the depositions to the parties and by giving them copies thereof. The present method of taking depositions is usually regulated by statutes and rules of court. The requirement of secrecy is no longer observed. Examination of witnesses orally is permitted under proper restrictions, and persons who are entitled to be present should not be excluded. While in some jurisdictions a party may have his commission for the taking of depositions as of right, usually, if the opposing party objects, the court exercises its discretion in relation to issuing the commission.

"Generally speaking, the depositions of a nonresident party to a proceeding may be taken on his own motion or at the instance of the other party. A distinction is made between the right of a plaintiff and that of a defendant in this respect. If the former, he must make a strong showing of necessity; if the latter, he is *prima facie* en-

titled but not of right. This distinction is based upon sound reason, for the plaintiff has brought the proceeding, while the defendant has been compelled to join: 21 Corpus Juris, 533; 18 Corpus Juris, 598, 642; Mills *v.* Mills, 12 Ont. Pr. 473; Gray *v.* Braden, 13 Dist. R. 481; Brandon *v.* George, 4 Schuylkill, 24; Asch *v.* West Phila. Pass. Ry. Co., 4 W. N. C. 571; Sims *v.* Cooper, 27 Dist. R. 471; 47 Pa. C. C. 18; Bleakley's Estate, 28 Dist. R. 289; Vetter's Estate, 12 D. & C. 665."

As above recited, the purposes of the petition are threefold: First, to have his own testimony taken by letters rogatory; second, the testimony of certain witnesses in his behalf; third, to introduce into evidence the records of certain officials. In respect of all three the method of taking the testimony is objected to. There will be involved a cumbersome method of filing interrogatories and cross-interrogatories, with certain answers to be given thereto. The letters are to be issued at a great distance from the jurisdiction of this court. The numbers of adverse claimants is said to exceed 24,000, and all of them are entitled to confront the claimant and cross-examine him. There is no authority to compel the attendance of witnesses, to compel them to answer, or to punish for perjury. The proper procedure in the present case is for the claimants and their witnesses to appear before the master and examiners appointed by this court, to present documentary evidence, whether it be original or certified copies.

Concerning now the three different objects of the petition, insofar as it relates to the taking of petitioner's evidence by letters rogatory, it is urged that petitioner is 85 years of age, infirm, suffering from the ills incident to advanced age, and is unable to take the ocean voyage necessary in order to appear before the master and examiners. Against the granting of the prayer is the fact that petitioner is a claimant of the entire estate. While we know of no authority for refusing under any circumstances leave to take the depositions of a plaintiff or claimant, there must be, as we have said in Vetter's Estate,

a strong showing of necessity. The circumstances of the present case do not constitute such a showing.

A second purpose of the petition is the taking of the depositions by letters rogatory of witnesses to be produced in support of claimant's case. There is no averment in the petition that the witnesses in question are infirm or aged, or that they have been requested to come to this country and refused to do so. In the exercise of the discretion resting in us, we find that the grounds for refusing the prayer of the petition in this respect outweigh the grounds for granting it.

The third object of the petition is to introduce into evidence official records. It involves the obtaining of evidence by letters rogatory of certain officials named in the petition, "or their acting representatives." The right of respondents will not be prejudiced by bringing into evidence the records in the manner proposed by petitioner, and to this extent the prayer of the petition is granted, with leave to respondents to answer, as provided in our decree of April 17, 1939.

In any case, we would be more disposed to grant leave to take depositions where a proceeding was based mainly upon testimony taken in court, than in a proceeding such as the present one, where the proof is presented, either entirely or substantially, through depositions or letters rogatory.

The foregoing paragraph relates to the proof of material and controverted facts, where it is important that the tribunal which finds the facts shall have the opportunity to observe the demeanor of the witnesses and have the assistance of cross-examination by the opposing parties, or of examination by the court itself. It does not relate to the proof of formal evidence, which may be questioned only as to the authenticity thereof. Therefore, our conclusions, as above set forth, are that claimant and the witnesses produced on his behalf should be heard in the presence of the master and examiners, who have to de-

termine the facts, and that the official records and other documentary evidence may be proven by letters rogatory.

And now, to wit, May 5, 1939, in conformity with our opinion this day filed, it is hereby ordered and decreed that the petition of Johann Peter Christian Schaefer I for the taking of the testimony of himself and witnesses produced on his behalf by means of letters rogatory is dismissed, except insofar as it relates to the taking of testimony of certain officials named in the said petition "or their acting representatives", in bringing into evidence official records, to which latter extent the said petition is granted, with leave to respondents to answer as provided in the decree of April 17, 1939.